**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aqua-Aerobic Systems, Inc., ) | No. CV-07-1251-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Five Star Filtration, LLC; Johnson ) | |
| Utilities, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| Five Star Filtration, LLC, ) | |
| ) | |
| Counter Claimant, ) | |
| ) | |
| vs. ) | |
| ) | |
| Aqua-Aerobic Systems, Inc., ) | |
| ) | |
| Counter Defendant. ) | |
| _____) | |

On March 9, 2012, we ordered defendant Five Star Filtration, LLC, to show cause (doc. 53) why it should not be held in contempt of the Consent Judgment entered on April 3, 2008 (doc. 38) ("Consent Judgment"). We now have before us Five Star's response to the Order to Show Cause (doc. 57), and plaintiff's reply (doc. 59).

Aqua-Aerobic is the licensee of the '132 Patent, a cloth media wastewater filtration system. In 2007, Aqua-Aerobic filed a patent infringement action against Five Star, claiming that the manufacture and sale of its Five-Star Disk Filter System at the Pecan Creek Subdivision in Queen Creek, Arizona ("Pecan Creek") violated the '132 Patent. The parties eventually entered into a settlement agreement pursuant to which Five Star acknowledged

1 that it had "directly and/or indirectly infringed the '132 patent" through the use of the Five-
2 Star Disk Filter System at Pecan Creek. Consent Judgment ¶ 5. As part of the settlement,
3 Five Star agreed to modify the Five Star Disk Filter System ("Redesigned System"), by
4 adding spacers to the backwash header so that "the backwash header and/or backwash shoe
5 [of the Redesigned System] does not at any time come into contact with the cloth filter media
6 (or pile threads of the cloth filter media) or in any way act mechanically upon the pile threads
7 of the cloth filter media during operation." Id. ¶ 6. Aqua-Aerobic agreed that "the
8 Redesigned System, as represented by Five Star, does not infringe the '132 patent." Id. ¶ 7.

9 Now, four years later, Aqua-Aerobic seeks an order holding Five Star in contempt of
10 the Consent Judgment for continuing to infringe the '132 patent. Aqua-Aerobic initially
11 argued that, because of performance problems, Five Star abandoned the Redesigned System
12 and returned to the original infringing system in violation of the Consent Judgment. Motion
13 for OSC at 3, 5. However, in the face of substantial evidence that Five Star continues to use
14 the Redesigned System at the Pecan Creek facility, Aqua-Aerobic now alleges that the
15 Redesigned System itself infringes its patent because the backwash shoe comes into contact
16 with the cloth filter.

17 Contempt is a "severe remedy, and should not be resorted to where there is a fair
18 ground of doubt as to the wrongfulness of the defendant's conduct." MAC Corp. of Am. v.
19 Williams Patent Crusher & Pulverizer Co., 767 F.2d 882, 885 (Fed. Cir. 1985) (citing Cal.
20 Aritificial Stone Paving Co. v. Molitor, 113 U.S. 609, 618, 5 S. Ct. 618, 622 (1885)). The
21 party seeking to enforce an injunction must prove by clear and convincing evidence "both
22 that the newly accused product is not more than colorably different from the product found
23 to infringe and that the newly accused product actually infringes." TiVo Inc. v. EchoStar
24 Corp., 646 F.3d 869, 882 (Fed. Cir. 2011). "The primary question on contempt should be
25 whether the newly accused product is so different from the product previously found to
26 infringe that it raises a fair ground of doubt as to the wrongfulness of the defendant's
27 conduct." Id. (quotation omitted). "Where one or more of those elements previously found
28 to infringe has been modified, or removed, the court must make an inquiry into whether that

1 modification is significant." Id.

2 We first conclude that Aqua-Aerobic has failed to establish by clear and convincing 3 evidence that the Redesigned System is not more than colorably different from the original 4 infringing product. During settlement negotiations, the parties agreed that Five Star's 5 original disk filter system infringed Aqua-Aerobic's patent because the backwash shoe came 6 into contact with the cloth filters. The parties agreed that to avoid infringement, Five Star 7 would attach spacers or "feet" to the backwash shoe in order to prevent the shoe from coming 8 into contact with the cloth filter. Aqua-Aerobic approved the proposed Redesigned System 9 as non-infringing, and Five Star replaced the original infringing system with the Redesigned 10 System. The newly installed spacers were a significant modification to the design and 11 performance of the original filter system given that the agreed upon modification resolved 12 the infringement lawsuit. Therefore, we conclude that there is more than a colorable 13 difference between the original infringing product and the Redesigned System so as to raise 14 a fair ground of doubt as to the wrongfulness of Five Star's conduct. This conclusion alone 15 precludes a finding of contempt.

16 We also conclude, however, that Aqua-Aerobic has failed to show by clear and 17 convincing evidence that the newly accused product actually infringes. We have before us 18 directly competing evidence as to whether the cloth filter comes into contact with the 19 backwash shoe during operation. This disputed issue of fact prevents Aqua-Aerobic from 20 showing by clear and convincing evidence that the Redesigned System actually infringes the 21 patent. Aqua-Aerobic has failed to satisfy its burden of proof for an order of contempt. Any 22 infringement claims related to the Redesigned System must be presented in a new 23 infringement action, where the burden of proof will be a preponderance of the evidence and 24 Five Star can interpose its estoppel defense.

25 **IT IS ORDERED DENYING** plaintiff's request for an order of contempt.

26 DATED this 27th day of April, 2012.

_____
Frederick J. Martone
United States District Judge